UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                    Chapter 11
                                                         Case No.
40 CARLETON AVENUE CORP.,

                                                         **AFFIDAVIT PURSUANT TO**
                    Debtor.                              **TO LOCAL RULE 1007-4**
------------------------------------------------------------X

STATE OF NEW YORK)
                           SS.:
COUNTY OF SUFFOLK )

CHARLES LUCCHETTI, being duly sworn, depose and says, under penalties of perjury:

1. I am the President of 40 CARLETON AVENUE CORP., the Debtor and Debtor-In-Possession in this chapter 11 bankruptcy case (the "Debtor"), and I make this affidavit in compliance with the obligations of a Debtor-in-Possession pursuant to Local Bankruptcy Rule 1007-4.

2. This case was commenced by the filing of a voluntary petition with this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Section 101-et seq., on December 22, 2017, (the "Filing Date"). The Debtor is not a small business within the meaning of Bankruptcy Code Section 101(51D).

3. The Debtor is a New York corporation with its corporate office having an address of 40 Carleton Avenue, Islip Terrace, NY 11752 (the "Business Premises").

4. The Debtor, which was incorporated in 1992, is in the business of owning and operating the Business Premises.

5. The Debtor's President and 100% shareholder is Charles Lucchetti ("Lucchetti").

6. The Debtor was formed in 1992 for the purpose of owning and operating the

Business Premises. Lucchetti is also the sole owner of 46 Carleton Avenue Corp ("46 Carleton[1]") which was also incorporated in 1992 for the purpose of owning and operating a parcel of real property located at 46 Carleton Avenue, Islip Terrace, NY 11752 (the "46 Carleton Property"), which is contiguous with the Business Premises. From 1992, the Business Premises and the 46 Carleton Property (collectively, the "Carleton Properties") were leased to entities in the business of tire sales. Beginning in or around 2011, the Debtor was unable to collect the full rent due from the operating entities, and as a result, the Debtor fell behind on the payment of its real property taxes. The Debtor believes that a sale of the tax liens on the Business Premises is imminent, and therefore filed the instant Chapter 11 case to preserve its only asset and provide it with the breathing room afforded by Chapter 11.

7. As a result, the Debtor filed the instant chapter 11 case.

8. This case was commenced as a Chapter 11 case, and as such there has been no trustee or creditors' committee appointed in this case.

9. A list of the Debtor's twenty largest unsecured creditors is annexed hereto at Exhibit "A".

10. A list of the Debtor's five largest secured creditors is annexed hereto at Exhibit "B".

11. The Debtor's only assets are the Business Premises and the lease of the Business Premises to the operating entity.

12. The Debtor's liabilities consist of the following:

---

[1] 46 Carleton is filing a chapter 11 case with this Court simultaneously with the filing of the Debtor's petition.

2

- secured debt in the approximate aggregate sum of $101,675.37, consisting of real estate taxes against the Business Premises;

13. None of the shares in the Debtor are publically traded.

14. None of the Debtor's property is in the possession or custody of any third party.

15. All of the Debtor's assets are located at the Business Premises.

16. The Debtor's books and records are maintained at the Business Premises.

17. As set forth above, at the time of the filing the Debtor was faced with an imminent sale of the tax liens against the Business Premises. The Debtor's chapter 11 filing allowed the Debtor to preserve its assets and avail itself of the breathing room afforded by Chapter 11.

18. The Debtor is managed by it's President, Lucchetti. Lucchetti has been managing the Debtor since its creation in 1992. Lucchetti is solely responsible for all management duties of the Debtor.

19. The Debtor will have no payroll to be paid for the 30-day period following the filing of the Chapter 11 petition.

20. During the 30-day period following the filing of the Chapter 11 petition, the Debtor plans to pay its officers and directors approximately $0.00.

21. A schedule of the estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, incurred during the 30-day period following the filing of the chapter 11 petition is as follows:

Receipts:       Rental Payments of $4,000.00

Disbursements:  Insurance Payment of $125.00

22. As stated above, the Debtor's main objective in its chapter 11 case is obtain the

3

"breathing room" necessary to allow it to reorganize and confirm a chapter 11 plan. The Debtor believes that it will be able to meet its objective and successfully emerge from Chapter 11 pursuant to a comprehensive plan of reorganization.

_____
CHARLES LUCCHETTI, President

Sworn to before me this
22nd day of December, 2017

_____
Notary Public

RAYMOND W. VERDI, JR
Notary Public, State of New York
No. 02VE5050065
Qualified in Suffolk County
Commission Expires October 2, 2021

**EXHIBIT "A"**

Fill in this information to identify the case:

Debtor name: **40 Carleton Avenue Corp.**

United States Bankruptcy Court for the: **EASTERN DISTRICT OF NEW YORK**

Case number (if known):

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| -NONE- | | | | | | |

EXHIBIT "B"

# LIST OF CREDITORS HOLDING FIVE LARGEST SECURED CLAIMS OF 40 CARLETON AVENUE CORP., CHAPTER 11 DEBTOR

| Name and Address of Creditor | Nature of Lien | Value of Collateral | Amount of Claim |
|---|---|---|---|
| Suffolk County Treasurer | Real Property Tax Liens | $500,000.00 | $101,675.37 (disputed by Debtor) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re                                                                  Chapter 11
                                                                            Case No.
40 CARLETON AVENUE CORP.,
                                                                            **CORPORATE DISCLOSURE**
                                                                            **STATEMENT PURSUANT TO**
                                                                            **LOCAL BANKRUPTCY RULE 1073-3**

                              Debtor.
---------------------------------------------------------X

STATE OF NEW YORK)
                                    SS.:
COUNTY OF SUFFOLK )

CHARLES LUCCHETTI, being duly sworn, depose and say, under penalties of perjury:

1. I am the President of 40 CARLETON AVENUE CORP., the Debtor and Debtor-In-Possession in this chapter 11 bankruptcy case (the Debtor ), and I make this affidavit in compliance with the obligations of a Debtor-in-Possession pursuant to EDNY Local Bankruptcy Rule 1073-3.

2. There is no corporation that directly or indirectly owns 10% or more of any class of the debtor s equity interests to be reported under EDNY Local Bankruptcy Rule 1073-3.

_____
CHARLES LUCCHETTI, President

Sworn to before me this
22nd day of December, 2017

_____
Notary Public

RAYMOND W. VERDI, JR
Notary Public, State of New York
No. 02VE5050065
Qualified in Suffolk County
Commission Expires October 2, 2021